158377.3

## EXHIBIT A

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RICHEMONT, division of RICHEMONT    :
NORTH AMERICA, INC.;                :
RICHEMONT INTERNATIONAL, N.V.;      :
IWC, division of RICHEMONT NORTH    :
AMERICA, INC.; VACHERON             :
CONSTANTIN, division of RICHEMONT   :
NORTH AMERICA, INC.; and            :
RICHEMONT INTERNATIONAL S.A.,       :
                                    :
                   Plaintiffs,      :
                                    :
v.                                  :
                                    :
FINETIME, INC.; JEFFREY HO;         :
WATCHESPRO.COM, and                 :
JOHN DOES 1-20,                     :
                   Defendants.      :
---------------------------------------------------------x

Civil Action

No. 06 Civ. 3957 (RMB)

ECF CASE

### FINAL JUDGMENT UPON CONSENT

Plaintiffs Cartier, a division of Richemont North America, Inc., Cartier International, N.V., IWC, a division of Richemont North America, Inc., Vacheron Constantin, a division of Richemont North America, Inc., and Richemont International, S.A. (collectively "Plaintiffs") having filed an Amended Complaint against defendants Finetime, Inc., Jeffrey Ho and WatchesPro.com (hereinafter the "Defendants") alleging trademark and trade dress infringement, copyright infringement, unfair competition and false designation of origin; and Plaintiffs and Defendants (hereinafter the "Parties") desiring to settle the controversy between them without

1

any admission of, and expressly denying all liability and having entered into a Settlement Agreement for that purpose; and such Settlement Agreement providing for, *inter alia*, the entry of a Final Judgment Upon Consent; and for good cause shown; it is hereby

ORDERED AND DECREED as between the parties hereto that:

1. This Court has jurisdiction over the parties and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Cartier International N.V. ("CINV") is acknowledged and adjudged to be the successor-in-interest to Cartier International B.V. ("CIBV") for all rights asserted in the Amended Complaint on behalf of CIBV. CINV is hereby substituted as party plaintiff for CIBV in accordance with Rule 25(c) of the Federal Rules of Civil Procedure.

3. Sophistic, Inc., a California corporation, is acknowledged to be the correct corporate name for the entity named as WatchesPro.Com in the Amended Complaint and such corporation shall be bound by this Final Judgment Upon Consent as one of the "Defendants."

4. Definitions.

A. The "TANK DIVAN TRADE DRESS" shall mean that trade dress exemplified in the picture below and comprised of the following elements:

> 1) The watch face is rectangular, with the longer side being horizontal. The portion of the case that frames the watch face consists of thick vertical and horizontal frames (or brancards) formed of the case metal. At each corner the vertical brancards are elongated beyond the bottom and top of the watch case, and end in rounded, inwardly curving corners. (The frames may or may not be decorated with jewels.)

2) The case is curved toward the front when the watch is viewed from the side. The back of the case is slightly curved and the front has a pronounced curve.

3) The elongated brancard corners partially frame the end of the watch strap.

4) The winding crown is a faceted octagon set with a faceted stone.

5) The watch face features Art Deco-style Roman numerals. Each numeral inclines to conform to the angle-direction of the watch hands at such time as the hands are juxtaposed to that numeral.

6) The watch face has a "chemin-de-fer" (railroad) chapter ring or minute guide located between the center of the dial and the numerals.



**TANK DIVAN**

B. The "TANK A VIS TRADE DRESS" shall mean that trade dress exemplified in the picture below and which is comprised of the following elements:

1) The watch face is rectangular, with the longer side being vertical. The portion of the case that frames the watch face consists of vertical and horizontal frames (or brancards) formed of the case metal. At each corner

        the vertical brancards are elongated beyond the bottom and top of the watch case, and end in rounded, inwardly curving corners.

2)     Superimposed upon the brancards and also framing the watch face is a rectangular, one-piece metal frame or bezel, having hemispheres at each corner, and featuring four slotted screw heads set around the bezel at each hemisphere.

3)     The brancards have a pronounced curve when the watch is viewed from the side.

4)     The elongated brancard corners partially frame the end of the watch strap.

5)     The winding crown is a faceted octagon set with a faceted stone.



**TANK A VIS**

C.      The "DA VINCI TRADEMARK" shall mean the word mark DA VINCI.

D.      The "DA VINCI REGISTRATION" shall mean U.S. Trademark Registration No. 1,994,273 of May 28, 1996, for the DA VINCI TRADEMARK for watches and parts therefore.

E.      The "MALTESE CROSS TRADEMARK" shall mean the following mark:



F.      The "MALTESE CROSS REGISTRATION" shall mean U.S. Trademark Registration No. 3,114,414 of April 18, 2006.

G.      The "RICHEMONT TRADEMARKS" shall reference collectively the trademarks and trade dress set forth herein in Definitions A through F.

H.      An "IRON CROSS DEVICE" shall be a cross of the type shown on the covers of the watches shown in the following picture:



5. Defendants are permanently enjoined and restrained, directly or indirectly from manufacturing, importing, distributing, shipping, advertising, marketing, promoting, selling or offering for sale:

    (a) any product that bears any of the RICHEMONT TRADEMARKS or any mark or design confusingly similar thereto; or

    (b) any of the watch models that are denoted by Defendants as Model Nos. D1907, D2086 or D2294 or any watches which bear the mark DA VANCI.

The foregoing injunction shall not apply to any action taken by Defendants in conformance with the terms of paragraph 5 of the Settlement Agreement. The foregoing injunction shall not be construed to preclude Defendants from selling any watches with "IRON CROSS DEVICE" symbols or decorations, so long as same is used solely for decorative and not source-identifying purposes.

6. Except to the extent of this Final Judgment Upon Consent and the terms of the Settlement Agreement, the claims in this action are hereby dismissed with prejudice.

7. The exclusive jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment Upon Consent, the enforcement thereof and the punishment of any violations thereof, and the enforcement of any provisions of the Settlement Agreement entered into between the parties. The venue for any motion or proceeding under this Paragraph 7 shall be the United States District Court for the Southern District of New York, and the parties consent to this Court's venue and personal jurisdiction for any such motion or proceeding under this Paragraph 4.

8. The rights contained in this Final Consent Order, including the right to enforce it, shall be freely assignable to the fullest extent permitted by law. This Final Consent Order shall bind the Parties hereto and their successors and assigns.

9.  No award for damages, profits, costs, disbursements or attorneys' fees is made herein, and, all parties are to bear their own costs and attorneys' fees.

10. This Final Consent Order shall be deemed to have been served upon Defendants at the time of its execution by the Court.

Dated: __1/17/08__, 20__

_____RMB_____
Honorable Richard M. Berman,
United States District Judge

CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

                                        CARTIER, a division of RICHEMONT NORTH
                                        AMERICA, INC.; CARTIER INTERNATIONAL,
                                        N.V.; IWC, a division of RICHEMONT NORTH
                                        AMERICA, INC.; VACHERON CONSTANTIN, a
                                        division of RICHEMONT NORTH AMERICA,
                                        INC.; RICHEMONT INTERNATIONAL, S.A.
                                        By their attorneys
                                        KALOW & SPRINGUT LLP

Dated: ~~November~~ January 17, ~~2007~~ 2008       By: _____
                                          Milton Springut

                                        FINETIME, INC.

Dated: November ___, 2007       By: _____
                                        Name:
                                        Title:

                                        JEFFREY HO

Dated: November ___, 2007       _____

                                        SOPHISTIC, INC., named in the Amended
                                        Complaint as WATCHESPRO.COM

Dated: November ___, 2007       By: _____
                                        Name:
                                        Title:

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

                CARTIER, a division of RICHEMONT NORTH AMERICA, INC.; CARTIER INTERNATIONAL, N.V.; IWC, a division of RICHEMONT NORTH AMERICA, INC.; VACHERON CONSTANTIN, a division of RICHEMONT NORTH AMERICA, INC.; RICHEMONT INTERNATIONAL, S.A.
By their attorneys
KALOW & SPRINGUT LLP

Dated: November ___, 2007     By:_____
                                          Milton Springut

FINETIME, INC.

Dated: ~~November~~ DEC. 14, 2007     By: _____
                                            Name: JEFFREY HO
                                            Title: PRESIDENT

JEFFREY HO

Dated: November ___, 2007     _____

SOPHISTIC, INC., named in the Amended Complaint as WATCHESPRO.COM

Dated: November ___, 2007     By: _____
                                            Name:
                                            Title:

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

|  |  |
|---|---|
|  | CARTIER, a division of RICHEMONT NORTH AMERICA, INC.; CARTIER INTERNATIONAL N.V.; IWC, a division of RICHEMONT NORTH AMERICA, INC.; VACHERON CONSTANTIN, a division of RICHEMONT NORTH AMERICA, INC.; RICHEMONT INTERNATIONAL, S.A. By their attorneys KALOW & SPRINGUT LLP |
| Dated: November ___, 2007 | By: _____<br>        Milton Springut |
|  | FINETIME, INC. |
| Dated: November ___, 2007 | By: _____<br>Name:<br>Title: |
|  | JEFFREY HO |
| Dated: November ___, 2007 | _____ |
|  | SOPHISTIC, INC., named in the Amended Complaint as WATCHESPRO.COM |
| Dated: January 7, 2008 | By: _____<br>Name:    Tony YANG<br>Title:    President |

8

Approved as to form:

                                                      KALOW & SPRINGUT LLP
                                                      Attorneys for Plaintiffs

                                                      488 Madison Avenue
                                                      New York, New York 10022
                                                      (212) 813-1600

Dated: January 17, 2008                          By: _____
                                                            Milton Springut, Esq.
                                                            Tal S. Benschar, Esq.

                                                      SHATZKIN & MAYER, P.C.
                                                      Attorney for Defendants

                                                     1776 Broadway
                                                     New York, NY 10019
                                                     (212) 684-3000

Dated: December 27, 2007                       By: _____
                                                             Debra A. Mayer, Esq.